**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**ROLANDO FLORES,**

                **Plaintiff,**

**-vs-**                                                      **Case No. 6:12-cv-799-Orl-28DAB**

**COLONIAL PROPERTIES SERVICES,
INC.,**

                **Defendant.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 29)**
>
> **FILED:** April 1, 2013
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

The matter has been referred by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated

judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

Based on the Plaintiff's responses to Court interrogatories (Doc. 23), Plaintiff was employed by Defendant Colonial Properties Services, Inc. as a Service Technician who repaired and serviced air conditioners and appliances, and performed general maintenance on the grounds and in the apartments from January 26, 2007 through November 17, 2011. Doc. 23. He alleged that he was not paid for overtime because Defendant "miscalculated" his compensation; in addition, Plaintiff alleged he was terminated in retaliation for filing a worker's compensation claim. Doc. 23. As stated in the Motion, Plaintiff Flores has since represented that he worked certain off the clock hours, which Plaintiff estimates was approximately eight to ten hours per month for the relevant time frame is either approximately 15 months or 27 months (applying either the two or three year statute of limitations) for an average of 9 hours per month of uncompensated off-the-clock overtime, at a regular rate of pay of $16.22 per hour for all but the final two months, when his regular rate of pay was $16.71 per hour.

Flores' maximum back pay was either $3,297.78 for the two-year statute of limitations or $5,925.42 for the three-year statute of limitations, plus liquidated damages. Doc. 29. The settlement to Plaintiff for $4,230.05, plus an equal amount in liquidated damages (total of $8,460) exceeds the

two year statute of limitations amount, and represents approximately 71% of Plaintiff's maximum recovery under a three-year statute of limitations. Doc. 29.

The parties represent in the Joint Motion (Doc. 29) that the settlement occurred following an adversarial matter in which both Plaintiff and Defendant were represented by experienced counsel and the lawsuit involved disputed issues. According to the Joint Motion, the factors considered in the compromise of Plaintiff's claim include Defendant's argument that Plaintiff had no documentary evidence to support his allegations, and Defendant's time records did not reflect that Defendant miscalculated or failed to compensate Plaintiff for all hours worked, or that Plaintiff worked overtime hours for which he was not compensated. Doc. 29.

The parties have agreed that Defendant will pay Plaintiff's attorneys $6,000 in attorney's fees and costs. Plaintiff's counsel represents that Plaintiff's FLSA claim has not and will not be compromised by the deduction of any additional attorney's fees, costs or expenses pursuant to any other agreement between Plaintiff and counsel. Doc. 29 at 6. Plaintiff's counsel incurred 22 hours of time on the litigation since February 2011 at a rate of $275 per hour, plus costs of $539.90 for the filing fee, service of process and investigation costs. Doc. 29 at 6. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case, which developed beyond the initial FLSA case management to a Track II Case Management and Scheduling Order, discovery, and settled around the time of mediation.

Settlement in the amount of $8,460 to Plaintiff for unpaid wages and liquidated damages, and $6,539.90 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 19, 2013.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy